UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Tracyann Rozmus § Case No. 12-32414
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7.  The Trustee's proposed distribution is attached as **Exhibit D**.

  8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____    By:/s/Barbara H. Katz, Trustee_____
                Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-32414 | JAM | Judge: | Julie A. Manning | Trustee Name: | Barbara H. Katz, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Tracyann Rozmus | | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| | | | | | 341(a) Meeting Date: | 11/20/2012 |
| For Period Ending: | 10/07/2013 | | | | Claims Bar Date: | 02/25/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 34 River Highlands Drive, Milford | 450,000.00 | 62,946.96 | OA | 0.00 | FA |
| 2. Cash On Hand | 20.00 | 0.00 | OA | 0.00 | FA |
| 3. Sikorsky Fcu - Savings (#8838-00) | 411.76 | 0.00 | OA | 0.00 | FA |
| 4. Bank Of America - Checking (Joint W/Spouse/#3559) | 81.00 | 0.00 | OA | 0.00 | FA |
| 5. Sikorsky Fcu - Checking (Joint W/Spouse/#8838-90) | 300.77 | 0.00 | OA | 0.00 | FA |
| 6. Bank Of America - Savings (Joint W/Spouse/#1290) | 81.00 | 0.00 | OA | 0.00 | FA |
| 7. Sikorsky Fcu - Savings (Joint W/Daughter/#6603-00) | 20.00 | 0.00 | OA | 0.00 | FA |
| 8. Sikorsky Fcu - Checking (Joint W/Son/#7825-00) | 20.00 | 0.00 | OA | 0.00 | FA |
| 9. Usual Household Goods And Furnishings | 5,000.00 | 0.00 | OA | 0.00 | FA |
| 10. Usual Wearing Apparel | 2,000.00 | 0.00 | OA | 0.00 | FA |
| 11. Miscellaneous Jewelry, Watch | 2,500.00 | 0.00 | OA | 0.00 | FA |
| 12. Misc. Crafting Supplies | 50.00 | 0.00 | OA | 0.00 | FA |
| 13. 1 Digital Camera | 100.00 | 0.00 | OA | 0.00 | FA |
| 14. Term Life (Through Employment) - No Cash Value | 0.00 | 0.00 | OA | 0.00 | FA |
| 15. 2 Iras (Personal) - Not An Asset Of The Estate Pension (Thro | 0.00 | 0.00 | OA | 0.00 | FA |
| 16. Estimated Tax Refund<br><br>50% of refund belongs to non-debtor spouse & 17.81% is attributable to post-petition income & not property of estate | 5,000.00 | 4,984.53 | OA | 8,120.00 | FA |
| 17. 2004 Gmc Yukon (104,000 Miles/Fair Condition) | 8,175.00 | 376.77 | OA | 0.00 | FA |
| 18. 1 Dog | 20.00 | 0.00 | OA | 0.00 | FA |
| 19. Miscellaneous Hand And Garden Tools | 150.00 | 0.00 | OA | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| | | | | |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $473,929.53 | $68,308.26 | $8,120.00 | $0.00 |

(Total Dollar Amount in Column 6)

Exhibit A

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

11-20-12 SEND TAX INTERCEPT LETTER FOR 2012 REFUND; also follow up on short & longterm losses on tax return

email from Atty Heffernan later in the day: I looked at the 2010 Return (attached). The short term loss was not incurred in 2011, is also a carryover, but I can't tell how far back it goes. The 2010 capital loss carryover work sheet shows that they have been using up the short term loss amount at the allowable rate of $3,000.00 per year.

11/25/12 requested claims bar date, prepared tax intercept letter

11/27/12 claims bar date is 2/25/13

3/11/13; rev'd claims, no obj.

4/18/13 nothing received yet, will check if Debtor got a check yet.

4/19/13 tax refund received today, payable to Debtor and Kenneth Rozmus for $8,120. requesting TIN & opening bank account but probably won't be able to deposit check until Monday

4/22/13 deposit made & email send to Atty Heffernan requesting that he file the motion to pay 1/2 of the check to the non-filing husband

5/16/13 received draft motion this morning which will be filed today. after it is granted I can prepare the TFR

6/21/13 hearing on motion is 7/17/13

7/18/13 motion was granted

10/4/13 exemption & non-estate funds disbursed  case ready for TFR


Initial Projected Date of Final Report (TFR): 09/30/2013        Current Projected Date of Final Report (TFR): 10/10/2013

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-32414　　　　　　　　　　　　　　　　　　　　　　　　Trustee Name: Barbara H. Katz, Trustee
Case Name: Tracyann Rozmus　　　　　　　　　　　　　　　　　　Bank Name: EmpireNationalBank
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Account Number/CD#: XXXXXX8560
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Checking
Taxpayer ID No: XX-XXX8496　　　　　　　　　　　　　　　　　Blanket Bond (per case limit): $1,000,000.00
For Period Ending: 10/07/2013　　　　　　　　　　　　　　　　Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/22/13 | 16 | US Treasury | Tax refund | 1129-000 | $8,120.00 | | $8,120.00 |
| 08/21/13 | 1000 | Rozmus, Tracyann<br>34 RIVER HIGHLANDS DRIVE<br>MILFORD, CT  06461 | Per Court Order 8/8/13 | 8100-002 | | $15.47 | $8,104.53 |
| 08/21/13 | 1001 | Rozmus, Kenneth | Per Court Order 8/8/13 | 8500-002 | | $4,783.08 | $3,321.45 |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　COLUMN TOTALS　　　　　　　$8,120.00　　　$4,798.55
　　　　　　　　　　　　　　　　　　　　　　　　Less: Bank Transfers/CD's　　　　　　　　$0.00　　　　　$0.00
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Subtotal　　　　　　　$8,120.00　　　$4,798.55
　　　　　　　　　　　　　　　　　　　　　　　　Less: Payments to Debtors　　　　　　　$0.00　　　　$15.47
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Net　　　　　$8,120.00　　　$4,783.08

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*　　　　　　　　　　　　　　　Page Subtotals:　　　　　　　$8,120.00　　　$4,798.55

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8560 - Checking | $8,120.00 | $4,783.08 | $3,321.45 |
|  | $8,120.00 | $4,783.08 | $3,321.45 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $8,120.00 |
| Total Gross Receipts: | $8,120.00 |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-32414
Case Name: Tracyann Rozmus
Trustee Name: Barbara H. Katz, Trustee

　　　　Balance on hand　　　　　　　　　　　　　　　　　　$

　　Claims of secured creditors will be paid as follows:

NONE

　　Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Barbara H. Katz | $ | $ | $ |
| Trustee Expenses: Barbara H. Katz | $ | $ | $ |

　　　　Total to be paid for chapter 7 administrative expenses　　　　$_____
　　　　Remaining Balance　　　　　　　　　　　　　　　　　　　　$_____

　　Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

　　In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $　　　must be paid in advance of any dividend to general (unsecured) creditors.

　　　Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AMERICAN EXPRESS BANK FSB | $ | $ | $ |
| 2 | AMERICAN EXPRESS BANK FSB | $ | $ | $ |
| 3 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 4 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 5 | Cerastes, Llc | $ | $ | $ |
| 6 | Ecast Settlement Corporation Assignee Of Chase | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE